IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| POLLO CAMPESTRE, S.A. DE C.V., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAMPERO, INC., ET AL., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:18-cv-217 <br> Hon. Liam O'Grady |

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction (Dkt. 43). The motion was fully briefed and the Court dispensed with oral argument. Defendants challenge Plaintiff's assertion of personal jurisdiction in the Eastern District of Virginia under 15 U.S.C. § 1071(b)(4) and Virginia's long-arm statute. For the reasons that follow, and for good cause shown, Defendants' Motion to Dismiss for Lack of Jurisdiction (Dkt. 43) is hereby **DENIED** as this case is properly **TRANSFERRED** to the United States District Court for the Southern District of Florida.

### I. BACKGROUND

Plaintiff appeals a decision by the United States Patent and Trademark Office's ("USPTO") Trademark Trial and Appeal Board ("TTAB") denying Plaintiff's application to register a Pollo Campestre trademark. *See* Dkt. 1-6. Defendant Campero, Inc. opposed Plaintiff's application before the TTAB, arguing that the proposed Pollo Campestre trademark would likely cause confusion with Campero, Inc.'s registered Pollo Campero trademarks. *Id.* The TTAB agreed and denied Plaintiff's application. *Id.*

Campero, Inc.'s Pollo Campero trademarks were previously owned by Defendant Campero International Holdings Ltd. ("CIHL"), but had been assigned to Campero, Inc. prior to Plaintiff's trademark application. Dkt. 44-2. At the time of the TTAB proceedings, the USPTO records reflected that the considered Pollo Campero trademarks were owned by Defendant Campero, Inc. Dkt. 1-2 at 59–66, 70–71, 76–77. Defendant CIHL was not involved with the proceedings before the TTAB. *See* Dkt. 1-6.

After the TTAB denied Plaintiff's application, Plaintiff appealed to the United States District Court for the Eastern District of Virginia. Plaintiff joined as defendants both Campero, Inc. and CIHL. Plaintiff argues that CIHL is a proper defendant because the assignment of the Pollo Campero trademarks from CIHL to Campero, Inc. stated that the rights to the trademarks were "not" assigned (Dkt. 44-2).

Plaintiff alleges that this Court has personal jurisdiction pursuant to 15 U.S.C. § 1071(b)(4) because Defendant Campero, Inc. is a Florida corporation and Defendant CIHL is a foreign corporation. Plaintiff also alleges that both defendants have sufficient contacts with Virginia for the Court to have personal jurisdiction under Virginia's long-arm statute. Defendants filed the present Motion to Dismiss, arguing that this Court lacks personal jurisdiction because Defendant CIHL was not an adverse party in the TTAB proceedings and neither Defendant has direct contacts with the state of Virginia.

## II. ANALYSIS

### A. <u>The Court Lacks Personal Jurisdiction Over Defendants.</u>

The Court does not have personal jurisdiction over defendants under either Virginia's long-arm statute or 15 U.S.C. § 1071(b)(4).

1. **The Court Lacks Personal Jurisdiction Over Defendants Under Virginia's Long-Arm Statute and the Due Process Clause.**

District courts can exercise personal jurisdiction over nonresident defendants only where (1) the exercise of jurisdiction is authorized by the long-arm statute of the state in which the court sits and (2) the exercise of jurisdiction would not violate the due process requirements of the Fourteenth Amendment. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). Virginia's long-arm statute extends personal jurisdiction to the extent permitted by the Due Process Clause, and so the statutory inquiry and constitutional inquiry necessarily merge into a single analysis: do the out-of-state defendants have sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Young v. New Haven Advocate*, 315 F.3d 256, 261 (4th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (alterations in original) (internal quotation marks omitted). To determine whether a court has specific personal jurisdiction, courts consider "(1) whether the defendant purposefully availed itself of the privileges of conducting activities in the forum state, (2) whether the plaintiff's claim arises out of the defendant's forum-related activities, and (3) 'whether the exercise of personal jurisdiction over the defendant would be constitutionally reasonable.'" *Id.* (quoting *ALS Scan, Inc. v. Dig. Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002)).

    *a.    Defendant Campero, Inc.*

Campero, Inc. is a Florida corporation that does not have any direct contacts with the state of Virginia other than its contacts with the USPTO, which is located in the Eastern District of Virginia. Duran Decl. While Campero, Inc. owns a Texas company that owns a Virginia restaurant company, these indirect contacts with Virginia through Campero, Inc.'s subsidiaries are not relevant to the jurisdictional analysis. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770,

3

781 n.13 (1984) (noting that a parent corporation's contacts with the forum state "must be assessed individually" from the contacts of its wholly owned subsidiaries). Similarly irrelevant to the jurisdictional analysis is the fact that Campero, Inc. licenses the Pollo Campero trademarks to a Florida corporation that sublicenses the trademarks to Virginia businesses. *See id.* Finally, Campero, Inc.'s contacts with Virginia through its actions in the USPTO are not sufficient to give the Court specific personal jurisdiction. Defendant's claim for a trademark application did not arise from Campero, Inc.'s contacts with the USPTO and it would be constitutionally unreasonable to hold that the Eastern District of Virginia has personal jurisdiction over defendants in TTAB appeals merely because the USPTO is in this district. For these reasons, the Court does not have specific personal jurisdiction over Campero, Inc. under Virginia's long-arm statute and the Due Process Clause.

      b.    *Defendant CIHL*

CIHL is a British Virgin Islands company with no contacts with the United States beyond its predecessor in interest's registration of trademarks with the USPTO. Rodas Decl.; Opp. at 20. CIHL did not participate in the TTAB proceedings at issue in this case. *See* Dkt. 1-6. CIHL had also assigned the rights to the relevant Pollo Campero trademarks to Campero, Inc. prior to Plaintiff's trademark application. Dkt. 44-2. While that assignment stated that the rights were "not" assigned, "not" was clearly an inadvertent typo that did not reflect the intent of the parties. *See* Dkt. 44-2; Dkt 44-3 (corrective assignment "confirm[ing] the assignment"); Mot. to Dismiss at 3. Under these facts, it would be neither fair nor reasonable to exercise personal jurisdiction over CIHL in Virginia based merely on its predecessor's registration of trademarks with the USPTO and a typo in an assignment CIHL has confirmed was inadvertent, particularly given that CIHL has agreed to recognize the jurisdiction of the Southern District of Florida (Reply at 1 n.1).

4

For these reasons, the Court does not have specific personal jurisdiction over CIHL under Virginia's long-arm statute and the Due Process Clause.[1]

### 2. 15 U.S.C. § 1071(b)(4) Does Not Give the Court Personal Jurisdiction Over Defendants.

15 U.S.C. § 1071(b)(4) provides a forum for TTAB appeals in the Eastern District of Virginia when otherwise no United States District Court would have personal jurisdiction over the appeal. *See Chris Laganas Shoe Co. v. Watson*, 221 F.2d 881, 882–83 (D.C. Cir. 1955) (holding that the corresponding provision in the Patent Act provides a forum in the specified district only where the claims cannot be enforced elsewhere); *Shell Research Ltd. v. Matthewson*, 1990 WL 198646, at *1 (D.D.C. Nov. 21, 1990) (finding that the corresponding provision in the Patent Act provides plaintiffs with a forum of "last resort . . . if they cannot otherwise join all necessary parties in another federal district court"). Section 1071(b)(4) states, in relevant part:

> Where there is an adverse party, such suit [challenging the TTAB's decision] may be instituted against the party in interest as shown by the records of the United States Patent and Trademark Office at the time of the decision complained of, but any party in interest may become a party to the action. If there are adverse parties residing in a plurality of districts not embraced within the same State, or an adverse party residing in a foreign country, the United States District Court for the Eastern District of Virginia shall have jurisdiction . . . .

15 U.S.C. § 1071(b)(4). Only parties who participated in the USPTO proceedings being appealed qualify as "adverse parties" within the meaning of Section 1071(b)(4). *See* 15 U.S.C. § 1071(a)(1) (allowing TTAB appeals to the Federal Circuit by applicants and parties to TTAB proceedings unless "any adverse party *to the proceeding*" elects for further proceedings before a district court under § 1071(b) (emphasis added)); *Barr Rubber Prods. Co. v. Burlington Mills, Inc.*, 306 F.2d 268, 269 (D.C. Cir. 1962) (finding that the only adverse party was the "party in

---

[1] In Plaintiff's opposition brief, Plaintiff argues that the Court has jurisdiction over CIHL pursuant to Federal Rule of Civil Procedure 4(k)(2). Opp. at 19–22. The operative complaint in this case does not assert jurisdiction under Rule 4(k)(2), so Plaintiff's arguments are waived. Regardless, because exercising personal jurisdiction would be unreasonable under the Due Process Clause, the Court also does not have personal jurisdiction over CIHL under Rule 4(k)(2).

5

interest" that appeared before the USPTO in the proceedings being appealed); *Chris Laganas Shoe Co.*, 221 F.2d at 883 (finding that "for the jurisdictional purpose" of the Patent Act's corresponding provision, "only necessary parties can be 'adverse'"); *Shell Research*, 1990 WL 198646, at *1–2 (finding that the only adverse party was the "record owner" of the intellectual property reviewed by the USPTO who was "the sole party in interest" to the action appealed).

Defendant Campero, Inc. was the only adverse party to the TTAB proceedings appealed in this case. Campero, Inc. was the sole opposer in the TTAB proceedings and the USPTO records identified Campero, Inc. as the sole owner of the Pollo Campero trademarks.[2] Dkt. 1-2 at 59–66, 70–71, 76–77; Dkt 1-6. Because Campero, Inc. resides in Florida and is the only necessary adverse party in this case, the Court does not have personal jurisdiction over the defendants under 15 U.S.C. § 1071(b)(4).

### B. This Case Should Be Transferred to the Southern District of Florida Rather Than Dismissed Under 28 U.S.C. § 1631.

While the Court finds that it lacks personal jurisdiction over this case, the Court also finds that transfer of the case to the Southern District of Florida, rather than dismissal, is appropriate under 28 U.S.C. § 1631. Section 1631 provides, in relevant part, that when the "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631. This case could have originally been brought in the Southern District of Florida because Campero, Inc., the adverse party in interest from the TTAB proceedings, resides in the Southern District of Florida and is subject to that Court's personal jurisdiction. Furthermore, both Defendants recognize the

---

[2] While the Pollo Campero trademark assignments from CIHL to Campero, Inc. contained a typo stating that the rights were "not" assigned, the USPTO records reflected a completed assignment, the word "not" was clearly an unintended error in the assignment documents, and the parties have since filed a "confirmation" with the USPTO that the trademark rights were transferred from CIHL to Campero, Inc by the earlier assignment.

6

jurisdiction of the Southern District of Florida for this case. Reply at 1 n.1. The Court therefore finds that it is in the interest of justice to transfer this case to the Southern District of Florida, rather than dismiss the case for lack of personal jurisdiction, under 28 U.S.C. § 1631.

### III. CONCLUSION

For the reasons stated above, and for good cause shown, Defendants' Motion to Dismiss for Lack of Jurisdiction (Dkt. 43) is hereby **DENIED** insofar as this case is hereby **TRANSFERRED** to the United States District Court for the Southern District of Florida.

It is **SO ORDERED.**

December 21, 2018  
Alexandria, Virginia

Liam O'Grady  
United States District Judge