UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20001- Civ-SCOLA/TORRES

POLLO CAMPESTRE, S.A. de C.V,

    Plaintiff,

v.

CAMPERO, INC; CAMPERO
INTERNATIONAL HOLDINGS
LIMITED; and CAMPERO
INTERNATIONAL LIMITED,

    Defendant.
_____/

## ORDER ON CAMPERO'S MOTION
## FOR LEAVE TO FILE AN AMENDED COUNTERCLAIM

This matter is before the court on Campero, Inc.'s ("Campero" or "Defendant") motion for leave to file an amended counterclaim against Pollo Capestre, S.A. de C.V. ("Plaintiff"). [D.E. 100]. Plaintiff filed an untimely response to Campero's motion on July 29, 2019 [D.E. 110] to which Campero replied on August 5, 2019. [D.E. 114]. Therefore, Campero's motion is now ripe for disposition. After careful consideration of the motion, response, relevant authority, and for the reasons discussed below, Campero's motion for leave to amend is **GRANTED.**

### *I.  BACKGROUND*

Plaintiff operates Latin American style fried chicken restaurants throughout El Salvador and Latin America while Campero does the same throughout Virginia. On September 7, 2004, Plaintiff registered a domain name and used it as an

1

advertisement and promotional platform targeting consumers in El Salvador. On October 7, 2014, Plaintiff filed an application with the United States Patent and Trademark Office ("USPTO") for the registration of the illustrated service mark Campestre, with Serial No. 86416926, which depicted the word "Pollo" sitting atop the word "Campestre." USPTO reviewed Plaintiff's trademark application and approved the submission on July 26, 2016.

On November 14, 2016, Campero filed its opposition against the registration of Plaintiff's mark due to (1) the likelihood of confusion under Trademark Act § 2(d); and (2) fraud under USPTO. On December 19, 2017, the Trademark Trial and Appeal Board ("TTAB") of the USPTO granted Campero's motion for summary judgment based on the likelihood of confusion. Plaintiff then filed this action seeking *de novo* review of the TTAB's decision.

## II. *APPLICABLE LEGAL PRINCIPLES AND LAW*

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings. A party may amend any pleading once as a matter of right before a responsive pleading has been filed or within twenty-one (21) days after serving the pleading if no responsive pleading is allowed. *See* Fed. R. Civ. P. 15(a)(1). In all other situations, the amending party must obtain written consent from the opposing party or leave of the court to amend the pleading. *See* Fed. R. Civ. P. 15(a)(2). The rule declares that leave to amend "shall be freely given when justice so requires." *Id*. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he

ought to be afforded an opportunity to test his claim on the merits. *See Foman v. Davis,* 371 U.S. 178, 182 (1962).

Any amendments leading to a modification of the required pretrial scheduling order are subject to a "good cause" standard of scrutiny. Fed. R. Civ. P. 16(b)(4). That means that after the deadline for amending pleadings set forth in a scheduling order has passed the party seeking the amendment must show good cause why leave to amend the complaint should be granted. *See, e.g., Ray v. Equifax Info. Servs., LLC*, 2009 WL 977313, at *1 (11th Cir. 2009) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). And a district court need not allow an amendment where allowing the amendment would cause undue prejudice to the opposing party. *See Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001).

Of course, the grant or denial of an opportunity to amend is within the discretion of the district court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. *Id.* In the absence of any apparent or declared reason the leave sought should, as the rules require, be "freely given." *Id.* Substantial reasons justifying a court's denial of a request for leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, and repeated failure to cure deficiencies by amendments previously allowed. *See, e.g., Well v. Xpedx*, 2007 WL 1362717, *1 (M.D. Fla. 2007) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999)).

3

Even when the amendment is sought because of new information obtained during discovery, it is not an abuse of discretion to deny leave to amend if the moving party unduly delays pursuit of the amended pleading. *See, e.g., United States v. $172,760 in U.S. Currency*, 2007 WL 1068138 (M.D. Ga. 2007). Additionally, a district court may properly deny leave to amend when an amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-3 (11th Cir. 2004); *see also Eveillard v. Nationstar Mortg. LLC*, 2015 WL 1191170, at *6 (S.D. Fla. Mar. 16, 2015) ("The law in this Circuit is clear that 'a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.'") (quoting *Hall*, 367 F.3d at 1263). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999). This determination is akin to a finding that the proposed amendment would not survive a motion to dismiss. *See Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss.").

### III. ANALYSIS

Campero seeks leave to amend its counterclaim to eliminate prior references of Plaintiff's use of Campero's trademarks in commerce.[1] Campero claims that Plaintiff has sworn under oath that its marks have not been used in commerce and that an amended counterclaim is needed to refine its claims under the Declaratory Judgment Act. Campero argues that there is no reason to deny its request for leave to amend because it has not engaged in bad faith or undue delay. Campero also claims that Plaintiff will not suffer any undue prejudice and that the proposed amendment is viable at the pleading stage. Because Campero is entitled to protect its trademark rights under federal law and will be prejudiced if not permitted to do so, Campero concludes that it must be allowed to file an amended counterclaim.

Campero filed its motion on July 8, 2019. Plaintiff then filed a response on July 29, 2019 – one week after the deadline to do so and in violation of the Local Rules. *See* Local Rule 7.1(c) ("[E]ach party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."). Plaintiff, who is represented by counsel, did not seek an extension of time to file its response nor did Plaintiff offer any explanation for the untimely filing. Plaintiff merely filed its response outside of the required time period and left it for the Court to consider.

---

[1] Campero does not seek to amend its answer or affirmative defenses.

We begin with the well-settled principle that "[d]eadlines are not meant to be aspirational" and attorneys "must take responsibility for the obligations to which [they] committed and get the work done by the deadline." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004) (affirming the district court's refusal to consider plaintiff's untimely responses to defendants' summary judgment motions). Indeed, "[a] district court must be able to exercise its managerial power to maintain control over its docket" and, absent good cause for an extension, the Court's deadlines must be enforced to ensure fairness to all sides. *Id.* As such, a Court's refusal to consider an untimely timely motion is not an abuse of discretion. *See Mosley v. MeriStar Mgmt. Co., LLC*, 137 F. App'x 248, 250 (11th Cir. 2005) (holding that a "district court's refusal to consider an untimely opposition to summary judgment motion is not an abuse of discretion.").

Here, Plaintiff's disregard of the Court's Local Rules requires that we decline to consider a response that is not only late but does not even bother to present a reason for its failure. *See id.* (affirming the district court's refusal to consider plaintiff's untimely response to defendant's summary judgment motion, including because plaintiff "neither asked for an extension of time to file a response, nor explained why her opposition was tardy"); *McDuffie v. Broward Cty.*, 654 F. App'x 408, 412 (11th Cir. 2016) (affirming the district court's refusal to consider plaintiff's response to defendant's summary judgment motion because the response was filed eleven days late "without leave of the court," plaintiff "never requested an extension of time before filing the late response," and plaintiff "did not assert that her late filing

6

should be excused due to excusable neglect"); *Young*, 358 F.3d at 864 (affirming the district court's refusal to consider plaintiff's untimely responses to defendants' summary judgment motions); *Martinez v. Palm Bay Police Dep't*, 2006 WL 1933812, at *1 (M.D. Fla. July 11, 2006) (striking plaintiff's response to defendants' motion for summary judgment where the response was filed three days late); *United Nat. Ins. Co. v. Owl's Nest of Pensacola Beach, Inc.*, 2006 WL 1653380, at *3 (N.D. Fla. June 8, 2006) (declining to consider plaintiff's response to defendant's summary judgment motion because the response was filed three days late "without [plaintiff] acknowledging the lateness of his filing or seeking leave of court to file out of time").

At the very least, Plaintiff could have included an explanation in its response for the untimely filing, not to mention a motion for an extension of time. Plaintiff did neither. While the Court has the discretion to consider the response, we decline to do so when a party fails to even acknowledge the untimeliness of its failure. For these reasons, we need go no further in the consider of Campero's motion.[2] The motion is deemed unopposed and **GRANTED** due to the lack of a timely opposition under Local Rule 7.1.

---

[2] We note that, had we done so, the same result would follow. None of the arguments in opposition were persuasive given the early stage of this case.

7

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Campero's motion for leave to file an amended counterclaim is **GRANTED**. The amended counterclaim filed on July 8, 2019 [D.E. 99] is deemed the operative counterclaim.[3]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of August, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[3] Campero argues that it filed an amended counterclaim [D.E. 99] on July 8, 2019 as a matter of course under Fed. R. Civ. P. 15(a)(1)(A). But, given that the deadline to amend pleadings passed on April 16, 2019 [D.E. 76], Campero's contention is misplaced. A party may only amend a pleading as a matter of right in two situations: (1) before a responsive pleading has been filed, or (2) within twenty-one (21) days after serving the pleading if no responsive pleading is allowed. *See* Fed. R. Civ. P. 15(a)(1). In all other situations, the amending party must obtain written consent from the opposing party or leave of the court to amend the pleading. *See* Fed. R. Civ. P. 15(a)(2). Going forward, Campero must seek leave of Court before filing an amended pleading.