UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-Civ-20001-SCOLA/TORRES

POLLO CAMPESTRE, S.A. DE C.V.

       Plaintiff,

v.

CAMPERO, INC.

       Defendant,

_____/

### ORDER ON DEFENDANT'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

This matter is before the Court on Campero, Inc.'s ("Campero" or "Defendant") motion to strike Pollo Campestre, S.A. DE C.V.'s ("Pollo Campestre" or "Plaintiff") affirmative defenses. [D.E. 129]. Plaintiff filed a response on September 26, 2019 [D.E. 132] to which Defendant replied on October 3, 2019. [D.E. 134]. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authorities, and for the reasons discussed below, Defendant's motion is **GRANTED in part** and **DENIED in part**.

### I. FACTUAL BACKGROUND

Plaintiff filed this action on February 20, 2018, to seek judicial review of a decision from the Trademark Trial and Appeal Board ("TTAB"). [D.E. 1]. The TTAB granted Campero's motion for summary judgment and refused the trademark registration of Pollo Campestre's proposed trademark. TTAB entered judgment in favor of Campero because of the likelihood of confusion between the trademarks.

1

Campero then filed a counterclaim on July 8, 2019 seeking (1) a declaratory judgment, affirming the TTAB decision in its favor, and (2) a declaratory judgment for trademark infringement and unfair competition. [D.E. 99].

Following Campero's counterclaim, Pollo Campestre filed an answer with affirmative defenses on August 22, 2019. [D.E. 199]. Pollo Campestre presented seven affirmative defenses: (1) failure to state a claim, (2) lack of standing, (3) naked licensing, (4) abandonment, (5) estoppel, (6) unclean hands, and (7) trademark misuse. Campero challenges these defenses because they are conclusory with no facts to meet the requirements of Rule 8(a).

## II.   APPLICABLE PRINCIPLES AND LAW

Under Rule 12(f) of the Federal Rules, a party may move to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting *Fla. East Coast Railway Co. v. Peters*, 72 Fla. 311, 73 So. 151 (Fla. 1916)). Therefore, an affirmative defense is a pleading; as a result, it must comply with all the same pleading requirements applicable to complaints. *See Home Management Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 27, 2007).

Moreover, an affirmative defense must follow the general pleading standard under Fed. R. Civ. P. 8(a), which requires a "short and plain statement" of the

asserted defense. *See Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). An affirmative defense is only established when a defendant admits the essential facts of the complaint and provides other facts in justification or avoidance; thus, a defense which points to a defect in the plaintiff's complaint is not an affirmative defense. *See id.*

"The striking of an affirmative defense is a 'drastic remedy' generally disfavored by courts." *Katz v. Chevaldina*, 2013 WL 2147156, at *2 (S.D. Fla. May 15, 2013) (citations omitted); *see also Blount v. Blue Cross & Blue Shield of Florida, Inc.*, 2011 WL 672450, at *1 (M.D. Fla. Feb. 17, 2011) ("Striking a defense . . . is disfavored by the courts."); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) ("Motions to strike are generally disfavored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties") (internal quotations omitted) (quoting another source).

However, a "defendant must allege some additional facts supporting the affirmative defense." *Cano v. South Florida Donuts, Inc.,* 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010). An affirmative defense will be stricken if it fails to state more than a bare bone conclusory allegation. *See Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.*, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002)). "An affirmative defense may also be stricken as insufficient if: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'"

*Katz,* 2013 WL 2147156, at *1 (citing *Blount v. Blue Cross and Blue Shield of Fla., Inc.,* 2011 WL 672450, at *1).

"Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison v. Exec. Aircraft Refinishing, Inc.,* 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). An affirmative defense should only be stricken with prejudice when it is insufficient as a matter of law. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Otherwise, district courts may strike the technically deficient affirmative defense without prejudice and grant the defendant leave to amend the defense. *See Microsoft Corp.*, 211 F.R.D. at 684.

### III. ANALYSIS

Campero's motion seeks to strike Pollo Campestre's first, second, third, fourth, fifth, sixth, and seventh affirmative defenses.[1] The first affirmative defense is that Campero's counterclaim fails to state a claim upon which relief can be granted. Campero moves to strike this defense because it is not an affirmative defense, and it is otherwise conclusory without any supporting facts. The second affirmative defense is lack of standing. Campero claims that this defense must also be stricken because lack of standing is not an affirmative defense, and Pollo Campestre has failed to allege

---

1   Campero also seeks to strike the Reservation of Rights Clause in the seventh affirmative defense. The Clause that Pollo Campestre reserves the right to assert any defenses as they become available through the discovery process.

4

any supporting facts or present any other authority to conclude otherwise. The third, fourth, and fifth affirmative defenses are naked licensing, abandonment, and estoppel. Campero argues that these defenses are inadequate for the same reasons discussed above because there is no explanation as to how they apply to the facts of this case. And as for the sixth (unclean hands) and seventh (trademark misuse) affirmative defenses, Campero concludes that they are too conclusory and must be stricken accordingly.

Before we consider the merits of Campero's motion to strike, the affirmative defenses are defective because they fail to comply with Fed. R. Civ. P. 8. "Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1*, LLC, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). In fact, no United States Court of Appeals has decided the question on whether the plausibility standard enunciated in *Twombly* and *Iqbal* applies to affirmative defenses "and the district courts that have considered it do not agree on an answer." *Owen v. Am. Shipyard Co., LLC*, 2016 WL 1465348, at *1 (D.R.I. Apr. 14, 2016) (citing Stephen Mayer, Note, *An Implausible Standard for Affirmative Defenses,* 112 Mich. L. Rev. 275, 276 (2013) ("More than one hundred federal cases have contemplated whether the plausibility standard outlined in [Twombly and Iqbal] applies to affirmative defenses, yet the districts remain divided, and no court of appeals has yet addressed the issue."); Justin Rand, *Tightening Twiqbal: Why Plausibility Must Be Confined to the Complaint*, 9 Fed. Cts. L. Rev. 79 (2016)).

5

One school of thought is represented by courts that have held that affirmative defenses are subject to the plausible pleading standard set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). *See also Home Mgmt. Sols., Inc.*, 2007 WL 2412834, at *2 ("Affirmative defenses, however, are subject to the general pleading requirements of Rule 8(a) and will be stricken if they fail to recite more than bare-bones conclusory allegations.") (citing *Merrill Lynch Bus. Fin. Serv.,* 2005 WL 975773, at *11) (citing *Microsoft Corp.,* 211 F.R.D. at 684); *see also Torres v. TPUSA, Inc.,* 2009 WL 764466 (M.D. Fla. Mar. 19, 2009) (holding that an affirmative defense which claims that the plaintiff has failed to state a claim upon which relief can be granted provides no basis on which the court can determine a plausible basis for this defense); *see also Holtzman v. B/E Aerospace, Inc.,* 2008 U.S. Dist. LEXIS 42630, at *6 (S.D. Fla. May 28, 2008) ("While Defendants need not provide detailed factual allegations, they must provide more than bare-bones conclusions. Plaintiff should not be left to discover the bare minimum facts constituting a defense until discovery"); *see also Home Mgmt. Solutions, Inc.* 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests.") (brackets omitted) (quoting *Twombly,* 550 U.S. at 556 n.3).

However, the other school of thought is represented by courts that have held the plausibility standard set forth in *Twombly* and *Iqbal* are not applicable to affirmative defenses. *See, e.g., Gonzalez v. Midland Credit Mgmt., Inc.*, 2013 WL

6

5970721, at *3 (M.D. Fla. Nov. 8, 2013); *Floyd v. SunTrust Banks, Inc.,* 2011 WL 2441744 (N.D. Ga. June 13, 2011); *Jackson v. City of Centreville,* 269 F.R.D. 661 (N.D. Ala. 2010); *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009); *Sparta Ins. Co. v. Colareta*, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013); *Blanc v. Safetouch, Inc.,* 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008). These decisions are based on the differences between Federal Rule 8(a), which applies to pleadings of claims, and Federal Rules 8(b) and 8(c), which applies to affirmative defenses.

In debating whether *Twombly* and *Iqbal* apply to affirmative defenses, many parties rely on the language in Rules 8(a) and 8(b). Rule 8(a) requires "a short and plain statement of the claim *showing* that the pleader is entitled to relief," whereas Rule 8(b) requires that a party "*state* in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(a) and (b) (emphasis added). Some parties have speculated that Rule 8(a) requires a party to "show" an entitlement to relief whereas Rule 8(b) merely requires a party to "state" an affirmative defense. *See Moore v. R. Craig Hemphill & Assocs.*, 2014 WL 2527162 (M.D. Fla. May 6, 2014) ("Whereas [Rule 8's] pleading provision uses, 'showing,' its response and affirmative-defense provisions use, 'state,' and *Iqbal*'s and *Twombly*'s analyses relied on 'showing'"); *see also Laferte*, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017) ("The difference in language between Rules 8(a) and Rule 8(b) is subtle but significant."); *Owen,* 2016 WL 1465348, at *2 ("Applying different pleading standards recognizes the differences between these words; 'showing' requires some factual underpinnings to plead a plausible claim, while 'stating' contemplates that defendants can plead

7

their defenses in a more cursory fashion."); *Ramnarine*, 2013 WL 1788503 at *3 (explaining that "the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses"); *Smith v. Wal-Mart Stores, Inc.*, 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012) (noting that the Supreme Court in *Twombly* and *Iqbal* relied on the specific language of Rule 8(a), and finding that the plausibility requirement contained therein was inapplicable); *Floyd*, 2011 WL 2441744 at *7 ("In adopting the plausibility standard, the Supreme Court relied heavily on the rule language purporting to require a 'showing' of entitlement to relief.") (citation omitted).

The Court is persuaded – by three considerations – that *both* complaints and affirmative defenses are subject to *Twombly* and *Iqbal*. First, *Iqbal's* extension of the *Twombly* pleading standard was premised on *Twombly's* holding that the purpose of Rule 8 – in general – was to give parties notice of the basis for the claims being sought. Importantly, the Supreme Court discussed Rule 8 at large and never limited its holding solely to complaints. Plaintiff's reliance on a subtle difference in wording (i.e. "show" and "state") between Rule 8(a) and 8(b) is unpersuasive because the purpose of pleading sufficient facts is to give fair notice to the opposing party that there is a plausible and factual basis for the assertion and not to suggest that it might simply apply to the case. This was the foundation for the decisions in *Twombly* and *Iqbal* and it applies equally to complaints and affirmative defenses.

Second, "it neither makes sense nor is it fair to require a plaintiff to provide defendant with enough notice that there is a plausible, factual basis for . . . [his] claim

8

under one pleading standard and then permit the defendant [or counter-defendant] under another pleading standard simply to suggest that some defense may possibly apply in the case." *Castillo v. Roche Labs. Inc.*, 2010 WL 3027726, at *2 (S.D. Fla. Aug. 2, 2010) (quoting *Palmer v. Oakland Farms, Inc.,* 2010 WL 2605179, at *4 (W.D. Va. June 24, 2010)). And third, "when defendants are permitted to make "[b]oilerplate defenses," they "clutter [the] docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery." *Castillo,* 2010 WL 3027726, at *3 (citation and internal quotation marks omitted).

When combining these considerations with the fact that a majority of courts have agreed with this position, we hold that there is no separate standard under Rule 8 for a complaint and an affirmative defense. *See, e.g.*, *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171–72 (N.D. Cal. 2010) ("While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue, the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses.") (citing *CTF Dev., \*1172 Inc. v. Penta Hospitality, LLC,* 2009 WL 3517617, at *7–8 (N.D. Cal. Oct. 26, 2009) ("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense"); *see also Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 n.15 (D. Kan. 2009) (citing nine cases applying *Twombly* and *Iqbal* to the pleading of affirmative defenses)).

Given that *Twombly* applies to both complaints and affirmative defenses, Campero's motion is well taken because the affirmative defenses in this case only

consist of one or two sentences. Indeed, the defenses fail to include any factual support and they fail to give Campero notice as to how they apply to the facts of this case. Because the affirmative defenses fail to put Campero on notice, they violate Rule 8 and are defective as a matter of law. *See Perlman v. Wells Fargo Bank, N.A.*, 2014 WL 4449602, at *2 (S.D. Fla. Sept. 10, 2014) (striking affirmative defense that "state legal doctrines or terms, but neither state how or why such defenses might apply to Plaintiff's claims, nor state facts in support of their application.").

The affirmative defenses are also defective because they are *not* presented as affirmative defenses. An affirmative defense is defined as something that, if proven, would reduce the defendant's liability even if the plaintiff established a prima facie case. *See F.D.I.C. v. Stovall*, 2014 WL 8251465, at *2 (N.D. Ga. Oct. 2, 2014). The first affirmative defense – for failure to state a claim – falls into this category because a party must do more than allege a defect in the opposing party's complaint. *See Sch. Bd. Of Broward Cty. v. C.B.*, 315 F. Supp 3d 1312, 1323 (S.D. Fla. 2018); *see also In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 2010) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."); *see also Sch. Bd. of Broward Cty. v. C.B.*, 315 F. Supp. 3d 1312, 1323 (S.D. Fla. 2018) (holding the defendant's affirmative defense that the Plaintiff failed to identify a cause of action was not an affirmative defense because it just served to highlight a defect in the plaintiff's complaint); *see also Gonzalez v. Spears Holdings, Inc.*, 2009 U.S. Dist. LEXIS 72734, at *3-4 (S.D. Fla. July 31, 2009) (finding that a failure to claim "is not an affirmative defense . . . it is a denial [which] alleges only a defect in

10

Plaintiff's prima facie case."). While the Court could strike the first affirmative defense in its entirety, the proper remedy is to treat it as a mere denial. Accordingly, Defendant's motion to strike the first affirmative defense is **DENIED**.

Another example of a defense that fails to rise to the level of an affirmative defense is the "Reservation of Rights" Clause in the seventh affirmative defense. Courts have repeatedly held that this fails to constitute an affirmative defense because it does not respond to the allegations in the complaint. *See Kapow of Boca Raton, Inc. v. Aspen Specialty Ins. Co.*, 2017 U.S. Dist. LEXIS 184224, at *12-13 (S.D. Fla. Nov. 7, 2017) (citing *Gonzalez v. Spears Holdings, Inc.*, 2009 U.S. Dist. LEXIS 72734, at *4 (S.D. Fla. July 31, 2009)). If Pollo Campestre wishes to include additional defenses at a later date, it may do so with a motion that sets forth good cause under Rule 15. Absent that, Pollo Campestre may not unilaterally reserve the right to raise affirmative defenses as doing so would undermine the use of the Federal Rules. In other words, if parties had the freedom to present any new affirmative defense at any time, there would be little use for a Scheduling Order or other pre-trial deadlines.

As for the remaining affirmative defenses, Pollo Campestre has failed to provide any factual support or explanation as to how they apply to the facts of this case. The affirmative defenses are either not viable or fail to rise to the level of an affirmative defense. As such, Campero's motion to strike the second, third, fourth, fifth, sixth, and seventh affirmative defenses is **GRANTED**.[2]

---

[2] Campero is granted, *sua sponte*, leave to amend its own answer to the complaint, which contains affirmative defenses that could be struck for similar reasons.

## IV. CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** that Campero's motion to strike [D.E. 129] is **GRANTED in part** and **DENIED in part:**

A. Defendant's motion to strike Plaintiff's first affirmative defense is **DENIED.**

B. Defendant's motion to strike Plaintiff's second, third, fourth, fifth, sixth, and seventh affirmative defenses is **GRANTED**.

C. Any amended answer shall be filed within fourteen (14) days from the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 29th day of October, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge